IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
|     KASH SNYDER, ) | |
| ) | |
|     Debtor. ) | |
| ) | |
| ) | |
| GEORGE SNYDER, et al., ) | Case No. 05-27124 JKF |
| ) | |
|     Appellants, ) | Adv. Nos. 05-2847 |
| ) |            05-2864 |
|   -vs- ) | |
| ) | Civil Action No. 05-1752 |
| ) |              06-0029 |
| EDWARD QUINLAN, et al., ) | |
| ) | |
|     Appellees. ) | |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

## OPINION

The litigation between these parties is lengthy and torturous. I understand the Appellees' frustration with what they believe to be an unjust campaign to obstruct their lawful title to various properties. I also understand the Bankruptcy Court's effort to gain control over the multitude of related filings. Nevertheless, after considering the parties' arguments and the proceedings before the Bankruptcy Court, I am compelled to reverse the Bankruptcy Court's order dismissing the underlying actions. The Bankruptcy Court lacked the necessary subject matter jurisdiction to preside over the actions and the actions shall be

remanded to state court.

## STANDARD OF REVIEW

Rule 8013 of the Federal Rules of Bankruptcy provides that:

> [o]n appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy's judge's judgment, order or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witness.

Fed. R. Btcy. Proc. 8013. Thus, a bankruptcy court's legal determinations are reviewed *de novo*, its factual findings for clear error and its exercises of discretion for abuse. See The Official Committee of Unsecured Creditors of New World Pasta Co., 322 B.R. 560, 564-65 (Bankr. M.D. Pa. 2005), citing, In re Martin's Aquarium, Inc., 98 Fed. Appx. 911, 913 (3d Cir. 2004) and In re Sharon Steel Corp., 871 F.2d 1217, 1222 (3d Cir. 1989) ("[I]t is well settled law that this court applies a clearly erroneous standard to findings of fact, conducts plenary review of conclusions of law, and must break down mixed questions of fact and law, applying the appropriate standard to each component.").

## ANALYSIS

This appeal stems from a Bankruptcy Court's dismissal, with prejudice, of Appellants' "claims."[1]   Briefly, the Appellees removed to the United States

---

[1] I place the word claims in quotation marks because, given the lack of an initial pleading as set forth below, the Court cannot be sure of what precisely the Appellants were claiming.

2

Bankruptcy Court for the Western District of Pennsylvania two filings in the Court of Common Pleas of Allegheny County, Pennsylvania. The first filing consisted of a Praecipe for a Writ of Summons, <u>Snyder v. Quinlan</u>, GD 5-14878 (C.C.P. Allegheny, Pennsylvania).[2] No Complaint was ever filed, nor was any discovery taken in connection with that action. The second filing consisted solely of a Notice of Lis Pendens, <u>Snyder v. Quinlan</u>, GD 5-14890 (C.C.P. Allegheny, Pennsylvania). Thus, the second filing was merely a notice that litigation was pending at <u>Snyder v. Quinlan</u>, GD 5-14878 (C.C.P. Allegheny, Pennsylvania).

Shortly after removal, the Bankruptcy Court held a status conference on the matters. During that status conference, the Bankruptcy Court dismissed, with prejudice, both matters. The Appellants filed this appeal claiming, among other things, that the Bankruptcy Court lacked subject jurisdiction over the matters. I agree.

Removal of an action to bankruptcy court is governed by 28 U.S.C. § 1452, 28 U.S.C. § 1334, and Federal Rule of Bankruptcy 9027. Rule 9027 provides:

> a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy <u>of the initial pleading setting forth the claim or cause of action</u> sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bank. R. 9027(a)(3) (emphasis added). Appellants contend that they never filed

---

[2] In Pennsylvania, a party may commence an action, and thereby toll the statute of limitations, by filing a Writ of Summons. Ordinarily, the party will then either file a Complaint, perhaps after engaging in some initial discovery.

3

an "initial pleading" which would have permitted the Appellees to remove the action pursuant to § 1452 and § 1334. Appellants insist that a Writ of Summons and Notice of Lis Pendens do not constitute "initial pleadings."

While research did not reveal any case law directly on point, the Advisory Committee Notes to Rule 9027 reveal that Rule 9027(a)(3) is modeled after 28 U.S.C. § 1446(b). Section 1446(b) also uses the phrase "... the initial pleading setting forth a claim for relief... ." 28 U.S.C. § 1446(b). At least one court has interpreted that phrase as excluding a writ of summons. See McFarland v. Muse, Civ. No. 5-1155, 2005 WL 2133672 at * 1 (M.D. Pa. Sept. 1, 2005) (stating that "[a] Writ of Summons which is used in Pennsylvania state courts to initiate an action, is not an 'initial pleading' removable to federal court under 28 U.S.C. § 1446(b)."). "The Federal Rules and the removal statute presuppose that an initial pleading setting forth a claim for relief has been filed.... Without such an initial pleading, the removal of a Writ of Summons alone is premature since [the federal court] cannot have subject matter jurisdiction. " McFarland, 2005 WL 2133672 at * 1, quoting, Gervel v. L. & J. Talent, 805 F. Supp. 308, 309 (E.D. Pa. 1992).

Accordingly, I conclude that the Appellees prematurely removed both Snyder matters. No initial pleadings setting forth the claims had been filed. As such, the Bankruptcy Court could not exercise subject matter jurisdiction.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
|    KASH SNYDER, ) | |
| ) | |
|    Debtor. ) | |
| _____ ) ) | |
| GEORGE SNYDER, et al., ) | Case No. 05-27124 JKF |
| ) | |
|    Appellants, ) | Adv. Nos. 05-2847 |
| ) |           05-2864 |
|  -vs- ) | |
| | Civil Action No. 05-1752 |
| ) |                   06-0029 |
| EDWARD QUINLAN, et al., ) | |
| ) | |
|    Appellees. ) | |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **31st** day of July, 2006, after careful consideration and for the reasons set forth in the accompanying Opinion, it is Ordered that the Order of the Bankruptcy Court dismissing, with prejudice, the actions removed from the Allegheny County Court of Common Pleas at GD 5-14878 and GD 5-14890, is REVERSED. This action is REMANDED to the Bankruptcy Court, whereupon the Bankruptcy Court shall remand the actions to the Court of Common Pleas of Allegheny County, Pennsylvania.

BY THE COURT:


/S/  Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge